# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NOS. 5:15CR19 |
| | ) | 4:10CR136 |
| | ) | 4:10CR137 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| RONNIE SWEETS SMITH, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant Ronnie Sweets Smith ("Smith") to vacate or modify restitution. (Case No. 5:15CR19, Doc. No. 39 ["Mot."].) The United States of America (the "government") opposes the motion. (Case No. 5:15CR19, Doc. No. 40 ["Opp'n"].) For the reasons that follow, the motion is DENIED.

On October 27, 2010, Smith entered a plea of guilty to conspiracy to utter counterfeit securities (Case No. 4:10CR136, Minutes of Proceedings, Oct. 27, 2010), and to being a felon in possession of firearms. (Case No. 4:10C137, Minutes of Proceedings, Oct. 27, 2010.) On December 28, 2010, Smith failed to appear for a sentencing hearing and an arrest warrant was issued. (Case No. 4:10CR137, Minutes of Proceedings, Dec. 28, 2010; Doc. No. 106 (Arrest Warrant).) He was subsequently indicted for failure to appear, to which he pled guilty on February 18, 2015. (Case No. 5:15CR19, Doc. No. 1 (Indictment); Minutes of Proceedings, Feb. 18, 2015.)

On March 20, 2015, Smith was sentenced to a total of 200 months imprisonment to be

followed by 3 years of supervised release. (Case No. 4:10CR136, Doc. No. 160 (Judgment); Case No. 4:10CR137, Doc. No. 26 (Judgment); Case No. 5:15CR19, Doc. No. 12 (Judgment).) With respect to restitution in Case No. 4:10CR136, the Court ordered Smith to pay $33,323.80 to the victims, on a joint and several basis with his co-defendants. (Doc. No. 160 at 560–62.[1]) The payment schedule required Smith to pay 25% of his gross income per month through the Federal Bureau of Prisons Inmate Financial Responsibility Program ("IFRP"). (*Id.* at 562.) On July 25, 2017, Smith was resentenced and received 115 months of imprisonment to be followed by 3 years of supervised release. (Case No. 4:10CR136, Doc. No. 180 (Amended Judgment); Case No. 4:10CR137, Doc. No. 53 (Amended Judgment); Case No. 5:15CR19, Doc. No. 31 (Amended Judgment).) The restitution imposed on March 20, 2015 in Case No. 4:10CR136 remained the same. The Sixth Circuit affirmed the Court's amended judgment on April 27, 2018. (*See* Case No. 5:15CR19, Doc. No. 37.)

In the present motion, Smith asserts that the Court failed at sentencing to make sufficient factual findings relative to his ability to pay restitution. (Mot. at 292.[2]) He complains that he is currently required to make quarterly restitution payments of $25.00 through the IFRP, and that, if he fails to make the required payments, he risks losing certain institutional privileges. (*Id.*) Smith requests that the Court either vacate the restitution order, or permit him to defer payments until he is released from prison.[3] (*Id.*)

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

[2] While the restitution obligation was imposed in Case No. 4:10CR136, Smith filed the present motion in Case No. 5:15CR19. Inasmuch as the Court's ruling is related to and impacts more than the 2015 case, the Clerk is directed to file the present memorandum opinion and order in all three cases.

[3] Specifically, Smith suggests that he be permitted to commit 10% of his future earnings on supervised release toward his restitution obligation. (*Id*. at 292–93.)

Because the offense in Case No. 4:10CR136 involved fraud and deceit, restitution is mandatory under 18 U.S.C. § 3663A(c)(1)(A)(ii). There is no statutory provision by which the Court may waive this mandatory obligation. Further, "[a] sentence that imposes an order of restitution is a final judgment[.]" 18 U.S.C. § 3664(o). A defendant who fails to raise a challenge to restitution at sentencing or on direct appeal is barred from challenging the validity of the restitution order in collateral proceedings. *Cani v. United States*, 331 F.3d 1210, 1213–14 & n.2 (11th Cir. 2003) (collecting cases); *United States v. Cannistraro*, 871 F.2d 1210, 1214 (3d Cir. 1989) (citing *United States v. Kail*, 804 F.2d 441, 449–50 (8th Cir. 1986)). Because restitution is mandatory and Smith never appealed the restitution order, it is a final judgment, and the Court is without authority to vacate it.

In the alternative, Smith requests that the Court delay restitution payments until he is released from incarceration. The Court has discretion to adjust a convict's payment schedule because of a material change in his economic circumstances. 18 U.S.C. § 3664(k); *see also United States v. McGlothin*, 249 F.3d 783, 784 (8th Cir. 2001) (noting that the "district court has substantial discretion in determining how restitution is to be paid"). "A material change in a defendant's economic circumstances is identified by an objective comparison of a defendant's financial condition before and after a sentence is imposed." *United States v. Dye*, 48 F. App'x 218, 220 (8th Cir. 2002). Smith bears the burden of showing a change in his financial status. *See United States v. Hill*, 205 F.3d 1242, at *1 (6th Cir. 1999) (denying a petition for adjustment "because [defendant] did not meet the evidentiary burden of showing that his financial needs required a deferment of restitution").

Other than mere assertions, Smith has proffered no evidence that his financial situation

has changed. Smith has not even alleged, let alone established, that his financial condition has materially changed since his incarceration, or that he is financially unable to make the required quarterly payments. At best, he has suggested that he risks losing certain unspecified privileges in prison if he fails to meet the schedule of payments. "But the Court is mindful that repaying one's debt to society was never meant to be easy. As such, indigence at the time of sentencing or as a result of incarceration is not grounds for modification of a restitution order." *United States v. Taniguchi*, No. 2:00-CR-050, 2008 WL 222513, at *1 (S.D. Ohio Jan. 25, 2008) (citing *United States v. Wolfe*, 10 F. App'x 249, 250 (6th Cir. 2001)). The Court finds that the potential loss of institutional privileges is insufficient to carry Smith's burden of demonstrating a material change in financial condition such that an adjustment to his schedule of payments would be appropriate.

For the foregoing reasons, the Court's DENIES Smith's motion in its entirety.

**IT IS SO ORDERED**.

Dated: December 9, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**